THE HONORABLE TIMOTHY W. DORE
Chapter 11

THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| In re | Case No. 15-13060 |
|---|---|
| RECOVERY CENTERS OF KING COUNTY, | MOTION FOR AUTHORIZATION TO PAY PRE-PETITION PRIORITY WAGE CLAIMS AND USE CASH COLLATERAL |
| Debtor-in-Possession. | |

COMES NOW Recovery Centers of King County, the Debtor-in-Possession herein, by and through its attorneys of record, Wells and Jarvis, P.S., and pursuant to 11 U.S.C. §§ 105(a), moves the court for authorization to pay pre-petition debt, specifically employee payroll, and the associated payroll taxes. Debtor also requests, pursuant to 11 U.S.C. §363 and Fed. R. Bankr. Pro. 4001-2(b), an order approving the interim use of cash collateral of secured lender Bank of America, N.A. ("Bank of America"), pending further final hearing.

### I. Background

This case was filed May 15, 2015. As detailed on the accompanying declaration of Mary-Ann C. Taja, the Debtor's business ceased operations in April 2015, however it retains a skeletal staff and has some ongoing operating expenses as it wraps up the business. Specifically, the remaining employees are taking steps to transition patients to new services, acting as caretakers for the real and personal property (the former of which is being listed for sale), and assisting with preparation of a liquidation plan for the Debtor.

MOTION FOR AUTHORIZATION TO PAY EMPLOYEES AND
USE CASH COLLATERAL - 1

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Case 15-13060-TWD    Doc 3    Filed 05/18/15    Ent. 05/18/15 14:55:06    Pg. 1 of 4

**II. Employee Wages**

As set forth on the accompanying declaration of Mary-Ann C. Taja, the Debtor disburses payroll bi-weekly. The last payroll was completed Friday morning, May 15, 2015, at midnight, by direct deposit. The next payroll is scheduled to occur May 29, 2015 at midnight. It will consist of hours worked partially pre-petition, specifically between May 8, 2015 and May 22, 2015.

Attached to the accompanying declaration of Mary-Ann Taja is a detailed summary of the remaining personnel including their job title and rate of pay. As evidenced by that document, none of the proposed wage payments exceeds $12,475. All of the claims are based on compensation earned within 180 days of the petition date under the statutory cap, entitling them to priority status pursuant to 11 U.S.C. § 507(a)(4). Pursuant to § 1129(a)(9), the wage claims would normally be entitled to priority under any Chapter 11 plan, therefore Debtor does not believe their payment at this time would prejudice other creditors. Payment of the pre-petition wages is necessary to preserve the Debtor's business for the benefit of its patients, for whom the essential staff members are assisting with transitions to other facilities.

As part of the foregoing relief, Debtor also seeks authorization to pay all federal and state withholding and payroll-related taxes resulting from this pre-petition pay period including, but not limited to, all withholding taxes, Social Security taxes, and Medicare taxes, as well as all other withholdings such as life insurance and other employee deductions, if any. The failure to make such payments may subject the Debtor and its officers to federal or state liability. See *e.g. Hawley v. United States*, 1997 Bankr. LEXIS 1756 (Bankr. E.D. Wash. 1997) ("reckless disregard" for the duty to pay taxes was sufficient to impose liability on the responsible individual); *Beiger v. City of Farrell (In re Sharon Steel Corp*.), 41 F.3d 92 (3d Cir. 1994)

MOTION FOR AUTHORIZATION TO PAY EMPLOYEES AND USE CASH COLLATERAL - 2

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

(delineating state law requiring debtor to withhold city income tax from its employees' wages created trust relationship between debtor and city for payment of withheld taxes); *DuCharmes & Co. v. Michigan (In re DuCharmes)*, 852 F.2d 194 (6th Cir. 1988) (noting the special liabilities for failure to pay trust fund taxes). Such funds are not property of the Debtor's estate and thus are not subject to the normal bankruptcy prohibitions against payment. See *Beiger v. IRS*, 496 U.S. 53 (1990) (characterizing debtor's payment of employee withholding for federal income and FICA taxes as not a preferential transfer because withholding held in trust for taxing authority and not a part of debtor's estate).

### III. Cash Collateral

As set forth on the declaration of Mary-Ann C. Taja and supported by the accompanying declaration of Emily Jarvis, Bank of America holds a security interest in the funds in the Debtor's bank account. The Debtor needs to use this cash collateral in order to complete the tasks associated with wrapping up the business including transitioning of patient care, stewardship and sale of assets, and completion of the Chapter 11 liquidation plan. As set forth on the accompanying declaration of Mary-Ann C. Taja, at this time Debtor has no alternative borrowing source. The properties are being marketed for sale and one already has a buyer, however until that property sells there will be no new funds available to the Debtor (other than potential payment on an account receivable).

Pursuant to 11 U.S.C. §363 and Fed. R. Bankr. Pro. 4001-2(b), Debtor therefore moves the Court for an order approving the interim use of cash collateral of its secured lender, pending further hearing. Pursuant to Bankruptcy Code §363(c)(3), the court may authorize use of cash collateral at a preliminary hearing if there is a reasonable likelihood that the Debtor will prevail

MOTION FOR AUTHORIZATION TO PAY EMPLOYEES AND USE CASH COLLATERAL - 3

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Case 15-13060-TWD    Doc 3    Filed 05/18/15    Ent. 05/18/15 14:55:06    Pg. 3 of 4

at the final hearing. Under §363(e), upon request of a secured creditor, the court shall prohibit the use of cash collateral to the extent necessary to provide adequate protection of the creditor's interest. Unfortunately, due to the Debtors' cash position and upcoming expenses, delay in obtaining Court approval for the use of cash collateral would cause a significant disruption in the Debtor's winding up activities. For example, as set forth on Mary-Ann C. Taja's declaration, payroll and utilities are both coming due toward the end of May.

Debtor's counsel will continue to work with Bank of America's counsel to see if an agreed order can be entered related to the use of cash collateral. As supported by the Debtor's schedules, Bank of America is protected by a significant equity cushion (the three properties are valued at a total of $9,890,600, with only a total of $4,730,883 owed on Bank of America's first-position deeds of trust).

### IV. Conclusion

Wherefore, Debtor respectfully requests entry of an order authorizing it to pay pre-petition wage and reimbursement claims based on the list attached to the accompanying declaration, as well as the related employment taxes incurred during this pre-petition period, and approval to use cash collateral on an interim basis consistent with the budget attached to Ms. Taja's declaration.

Dated this 18th day of May, 2015.

    */s/ Emily Jarvis*
By: Emily Jarvis, WSBA #41841
Wells and Jarvis, P.S.
Attorneys for Debtor

MOTION FOR AUTHORIZATION TO PAY EMPLOYEES AND USE CASH COLLATERAL - 4

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Case 15-13060-TWD    Doc 3    Filed 05/18/15    Ent. 05/18/15 14:55:06    Pg. 4 of 4