THE HONORABLE TIMOTHY W. DORE
Chapter 11

# THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re

RECOVERY CENTERS OF KING COUNTY,

Debtor-in-Possession.

Case No. 15-13060

SECOND AMENDED DISCLOSURE STATEMENT

Recovery Centers of King County (hereinafter "RCKC"), the Debtor, submits the following Second Amended Disclosure Statement pursuant to 11 U.S.C. § 1125:

## 1. THE PURPOSE

The purpose of this statement is to provide the holders of such claims and interest with adequate information respecting the Debtor and the Plan of Reorganization in order that they may make an informed judgment concerning the plan and vote their acceptance or rejection.

An acceptance or rejection of the plan may be voted by completing the ballot which accompanies the plan and mailing it to Wells and Jarvis, P.S., 502 Logan Building, 500 Union Street, Seattle, Washington 98101, in a postage-paid envelope. Ballots must be received by counsel for the Debtor by _____, 2015. The Debtor intends to seek confirmation of a plan as soon as practically possible. A hearing has been set for the ___ day of ____, 2015 at 9:30 am seeking confirmation of the plan.

SECOND AMENDED DISCLOSURE STATEMENT - 1

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Case 15-13060-TWD    Doc 89    Filed 06/22/15    Ent. 06/22/15 14:41:47    Pg. 1 of 13

In order for the plan to be accepted, the holder of two thirds (2/3) of the amount of the claims voting, and more than one-half (½) of the number of claims in Classes Two through Thirteen who vote, must have voted for acceptance of the plan. If sufficient acceptances are not received, the Debtor may elect to request confirmation of the plan under § 1129(b) of the Bankruptcy Code. Such a request could result in confirmation of the plan not withstanding an objection to the plan by any creditors. If required, the plan may be modified at the time of the hearing on confirmation to permit approval under § 1129(b) of the Bankruptcy Code.

This disclosure statement is the only document authorized by the Debtor to be used in connection with solicitation of acceptance of its plan. NO REPRESENTATION CONCERNING THE DEBTOR (PARTICULARLY AS TO THE VALUE OF PROPERTIES, CREDITOR CLAIMS, OR FUTURE LIQUIDATION EFFORTS) IS AUTHORIZED BY THE DEBTORS OTHER THAN AS SET FORTH IN THIS STATEMENT. ANY REPRESENTATION OR INDUCEMENT MADE TO SECURE YOUR ACCEPTANCE, WHICH IS OTHER THAN CONTAINED HEREIN, SHOULD BE REPORTED TO DEBTOR'S ATTORNEY, JEFFREY B. WELLS, AND SHOULD NOT BE RELIED UPON BY YOU IN ARRIVING AT YOUR DECISION TO ACCEPT OR REJECT THIS PLAN.

## 2. EVENTS PRECEDING THE CHAPTER 11 FILING

Recovery Centers of King County (RCKC) has been in the King County community for approximately 40 years serving those who experience substance use disorders. Over the years funding has come from a variety of agencies, governmental, community support and patient fees. RCKC's recent income, however, has made it impossible for RCKC to maintain the quality of care that its clients deserve. Therefore, the decision by the Board of Directors was made to cease clinical operations. Recovery Centers has acquired no new patients.

SECOND AMENDED DISCLOSURE STATEMENT - 2

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Case 15-13060-TWD    Doc 89    Filed 06/22/15    Ent. 06/22/15 14:41:47    Pg. 2 of 13

In winding up operations, RCKC has successfully completed detox protocols with patients, found placement for all in-patient clients, and has transitioned all outpatient clients to other service agencies. The Chapter 11 was filed to ensure that the liquidation of RCKC's assets will be done in an appropriate and orderly fashion.

### 3. FINANCIAL INFORMATION

Attached as **Exhibit A** are recent financial statements of the Debtor. The principal tangible assets and liabilities of RCKC are set forth in the balance sheets. Exhibit A also includes the latest income and expense statement of RCKC. The exhibits were prepared by the Debtor.

All of Debtor's real estate is currently insured with Philadelphia Insurance Company. Debtor also has professional liability insurance coverage through August, 2015. Debtor will renew insurance coverage on all real estate until all real estate has been sold. In addition, Debtor will obtain tail professional liability insurance lasting until the statute of limitations has run on any potential claim, which such ending date is estimated to be April 2018. Existing insurance, which includes directors and officers liability coverage, will be continued through the tail period.

Debtor has collected all of the $82,000 account receivables set forth on Schedule B of the original filing, except for $999, which is still outstanding, but which is expected to be collected. Outstanding receivables set forth on Exhibit A, attached hereto, are either from private patient bills or Title 19 Medicaid funding. Debtor does not expect that any of these account receivables are collectible.

Debtor has filed all tax returns as of the date of filing. The 2014 tax return, which is not yet due, will be prepared and filed prior to the due date.

SECOND AMENDED DISCLOSURE STATEMENT - 3

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Case 15-13060-TWD    Doc 89    Filed 06/22/15    Ent. 06/22/15 14:41:47    Pg. 3 of 13

Debtor has valued its real estate as follows:

| Property Address | Value | Source |
|---|---|---|
| 464 12th Avenue, Seattle, WA 98122 | $4,100,000 | Purchase and sale agreement |
| 1701 18th Avenue S., Seattle, WA 98144 | $3,857,000 | 2013 King County Tax Assessor |
| 505 Washington Avenue S., Kent, WA 98032 | $1,933,600 | 2013 King County Tax Assessor |

## 4. DESCRIPTION OF PLAN

The claims to be dealt with under the Plan are classified as follows:

A. Class One. Class One consists of those parties holding administrative costs and expenses as defined by 11 U.S.C. 503(b). The members must have filed for this status and their claim allowed by the Court. The known members of this class and the amount of their claims are:

1. Jeffrey B. Wells (attorney for Debtor), estimated not to exceed $25,000, owing at the time of confirmation.

2. Allan Friedman, broker. No fees will be due to Mr. Friedman until closing of each real estate parcel, at which point he will be entitled to a commission payment pursuant to the approved purchase and sale agreement and the initial application for employment.

3. Paul Bailey, accountant, estimated not to exceed $7,500, owing at the time of confirmation.

4. Jeffrey Fairchild, special counsel for the state court wage lawsuit, estimated not to exceed $5,000 owing at time of confirmation.

5. Robert Smith, special counsel for the Debtor, who had served as general counsel for the Debtor prior to the Chapter 11 filing.

SECOND AMENDED DISCLOSURE STATEMENT - 4

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Case 15-13060-TWD    Doc 89    Filed 06/22/15    Ent. 06/22/15 14:41:47    Pg. 4 of 13

6. Gloria Nagler and Michael Sperry of Nagler Law Group, P.S. and any other professional hired by the unsecured creditors committee and approved by the court.

7. Fees due the United States Trustee under 28 U.S.C. §1930(a)(6) of the Bankruptcy Code, estimated to be current.

B. Class Two. Class Two consists of Bank of America, a secured creditor of Debtor. The claim is secured by a first lien deed of trust, including an assignment of rents, encumbering Debtor's real estate located at 464 – 12th Ave S, Seattle, WA, 1701 18th Ave S, Seattle, WA and 505 Washington Ave S., Kent, WA. Debtor's schedules indicate that $4,730,883 was owed as of the filing date of May 15, 2015. With regard to the First Deed of Trust loan, the non-default interest rate is 5.519% per annum and payments are approximately $45,381.73 per month and are not current under the promissory note evidencing the First Deed of Trust Loan.

C. Class Three. Class Three consists of CMS's claim arising from ownership of two credit card machines. Nothing is owing and Debtor will surrender said machines to CMS.

D. Class Four. Class Four consists of Pitney Bowes, secured by leases on three postage machines. Nothing is owing and Debtor will surrender said machines to Pitney Bowes.

E. Class Five. Class Five consists of Wells Fargo Financial Leasing's claim of approximately $1,553.00 as of the petition date according to Debtor's schedules. This claim is secured by a lease on three copiers and printers. The lease is a true lease and not a financing mechanism.

SECOND AMENDED DISCLOSURE STATEMENT - 5

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Case 15-13060-TWD    Doc 89    Filed 06/22/15    Ent. 06/22/15 14:41:47    Pg. 5 of 13

F. Class Six. Class Six consists of Pacific Office Automation's claim of approximately $3,165.23 as of the petition date according to Debtor's schedules. This claim is for a lease on copy machines.

G. Class Seven. Class Seven consists of Ecolab's claim of approximately $723.94 as of the petition date according to Debtor's schedules. This claim is for a lease on a dishwasher.

H. Class Eight. Class Eight consists of Cubex Financial Services claim of approximately $958.61 as of the petition date according to Debtor's schedules. This claim is for a lease on a medical dispenser.

I. Class Nine. Class Nine consists of Airgas USA, LLC's claim of approximately $268.06 as of the petition date according to Debtor's schedules. This claim is for a lease of Oxygen equipment.

J. Class Ten. Class Ten consists of NEC Financial Services' claim of approximately $479.29 as of the petition date according to Debtor's schedules. This claim is for a leases on the phones.

K. Class Eleven. Class Eleven consists of Guardian's life insurance, which was owed nothing at the time of filing according to Debtor's schedules. This claim is secured by term life insurance on Debtor's employees.

L. Class Twelve. Class Twelve consists of priority wage claims each up to a maximum of $11,725 by various employees, which is the subject of a King County Superior Court lawsuit. Debtor has listed these debts as contingent, unliquidated and disputed. Debtor has objected to these claims because they are based on an audit conducted by the Department

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

of Labor, which the Debtor does not believe is accurate. Debtor believes all of the claims are also older than the 180 day limit set forth in 11 U.S.C. § 507(a)(4) in order for the claims to be a priority wage claim. Therefore, all wage claims will be treated as a Class Fifteen general unsecured debt for the purpose of voting on the plan and timing of payment. Debtor, despite its objections to the wage claims, proposes as part of its plan to pay each wage claim listed in full and without the necessity of each claimant filing a proof of claim.

Debtor has been made aware that there may be wage claimants, other than those listed as wage claimants on Debtor's schedules, of unknown identity with unknown amounts whose claims may or may not have priority status. The allowance of these yet to be determined claims by unknown claimants will be pursuant to a procedure yet to be determined by the bankruptcy court. What impact these unknown claimants have on the amount to be distributed to Class Fifteen, general unsecured debts, is unknown, but potentially such claims could result in general unsecured creditors receiving less than a 100% dividend on allowed claims.

M. Class Thirteen. Class Thirteen consists of King County Treasurer, who is owed 2015 real estate taxes on Debtor's real estate. Said taxes are nominal because Debtor is a non-profit agency entitled to reduced tax assessments. The taxes for 2015 for each of the parcels are as follows.

| 464 12th Ave, Seattle, WA Tax Acct # 0508 | 1st half $372.07<br>2nd half $372.07 |
|---|---|
| 505 Washington Ave, Kent, WA Tax Acct #4706 | 1st half $741.90<br>2nd half $741.89 |
| 1701 18th Ave S, Seattle, WA Tax Acct #4500 | 1st half $1,275.41<br>2nd half $1,275.41 |

SECOND AMENDED DISCLOSURE STATEMENT - 7

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Case 15-13060-TWD    Doc 89    Filed 06/22/15    Ent. 06/22/15 14:41:47    Pg. 7 of 13

N. Class Fourteen. Class Fourteen consists of the City of Seattle, Washington State Employment Security, and Washington State Department of Revenue. City of Seattle is owed a total of approximately $2,000 in priority tax according to Debtor's schedules. Washington State Employment Security is owed a total of approximately $41,080.17 in priority tax debt. Washington State Department of Revenue is owed a total of approximately $1,750 in priority tax debt per its proof of claim.

O. Class Fifteen. Class Fifteen consists of Debtor's general unsecured debt on its Schedule F of $206,136.

## CLASSES NOT IMPAIRED BY THE PLAN

Class One is unimpaired by the plan and will be paid from the funds generated by the sale of Debtor's real estate.

## TREATMENT OF NON-IMPAIRED CLAIMS

All current fees due the United States Trustee under 28 U.S.C. §1930(a)(6) of the Bankruptcy Code shall be paid on or before the effective date from retained income. All other claims for costs and expenses of administration allowable under 11 U.S.C. §507(a)(1) shall be paid upon the approval of such claims by the Court from sale proceeds.

## TREATMENT OF IMPAIRED CLAIMS

Debtor will sell its real estate located at 464 – 12th Ave S, Seattle, WA, 1701 18th Ave S, Seattle, WA and 505 Washington Ave S., Kent, WA. Each sale shall receive court approval.

Sales by Debtor shall be within one year of the effective date of the Plan. If any of Debtor's real estate is not under a pending contract and scheduled to close within 90 days at the

SECOND AMENDED DISCLOSURE STATEMENT - 8

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Case 15-13060-TWD    Doc 89    Filed 06/22/15    Ent. 06/22/15 14:41:47    Pg. 8 of 13

one-year anniversary, then there shall be a status conference with the court, at which such time secured and unsecured creditors may move the court for necessary and appropriate relief to effect a liquidation of remaining real property if any. The unsecured creditors committee and secured creditor Bank of America suggest that a six-month marketing period should be sufficient to sell the properties. The Debtor disagrees because the real estate is commercial property, for which there will be, more likely than not, feasibility studies to be concluded before any closing.

The majority of Debtor's personal property is of nominal value. Debtor will by separate motion seek court approval for sale and/or disposal of personal property. Debtor does not believe personal property will generate more than nominal amounts.

Class Two secured creditor, Bank of America shall receive the Debtor's net sale proceeds from the sale of each parcel of real estate, less those sums reserved for payment of Class One creditors. The amount reserved for Class One creditors shall be the subject of a separate cash collateral order either by agreement between Bank of America and the Debtor or by order of the court after notice and a hearing for Debtor's use of cash collateral. Presently, Debtor anticipates requesting use of $200,000 from the proceeds of the first property to be sold for payment of Class One creditors including ongoing winding up expenses by the Debtor. No default interest or late fees shall be payable to Bank of America, however, reasonable attorney fees and costs shall be included in the payoff to Bank of America. There may also be a prepayment penalty due Bank of America for early payoff of their loan.

SECOND AMENDED DISCLOSURE STATEMENT - 9

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Case 15-13060-TWD    Doc 89    Filed 06/22/15    Ent. 06/22/15 14:41:47    Pg. 9 of 13

Class Three creditor, CMS shall receive their credit card machines back no later than upon confirmation, unless specifically retained pursuant to a separate court order. Any claims for money owed shall be treated as a Class Fifteen claim.

Class Four creditor, Pitney Bowes shall receive their postage machines back no later than upon confirmation, unless specifically retained pursuant to a separate court order. Any claims for money owed shall be treated as a Class Fifteen claim.

Class Five creditor, Wells Fargo Financial Leasing, shall receive their three copiers and printers back no later than upon confirmation, unless specifically retained pursuant to a separate court order. Any claims for money owed shall be treated as a Class Fifteen claim.

Classes Six through Ten creditors shall receive their equipment back no later than upon confirmation, unless specifically retained pursuant to a separate court order. Any claims for money owed shall be treated as a Class Fifteen claim.

Class Eleven creditor Guardian shall receive upon confirmation and thereafter any funds due it on the employee group term life insurance until the last employment comes to an end.

Classes Thirteen, Fourteen and Fifteen shall be paid from the real estate sale proceeds. Class Thirteen shall be paid the real estate tax then owing on each parcel as they are sold directly from escrow. Only after Class Fourteen is paid in full will sale proceeds be distributed to Classes Twelve and Fifteen. Partial payments to Classes Twelve and Fifteen shall be on a pro rata basis.

Other than the potential diminution of dividend to Classes Twelve and Fifteen claimholders by the allowance of wage claims from former employees, Debtor anticipates that

SECOND AMENDED DISCLOSURE STATEMENT - 10

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Case 15-13060-TWD    Doc 89    Filed 06/22/15    Ent. 06/22/15 14:41:47    Pg. 10 of 13

Classes Twelve and Fifteen will be paid in full and in such event such claims shall receive interest at the federal rate of .27% from the filing date of May 15, 2015.

## 5. TREATMENT OF INTEREST

The Debtor-in-Possession will retain all property at confirmation and will continue to wind up its affairs including court approved disposition of medical records. Upon full payment of all claims, Classes One through Fifteen and final sale of its real estate assets, Debtor shall apply to the court for an order approving of the disbursement of the remaining funds to an entity which is committed to pursuing the same goals and providing the same service as the Debtor when it was operating.

## 6. TAX CONSEQUENCES

Any capital gains tax from the sale of Debtor's real estate and any other taxes generated during the Chapter 11 proceeding will be paid in full before any transfer of surplus fund to another agency.

## 7. PENDING LITIGATION AND CLAIMS

The current litigation involving alleged amounts owed to former employees for unpaid overtime in King County Superior Court under cause number 14-2-32248-8 will remain stayed pursuant to 11 U.S.C. § 362. The court has set a bar date of July 27, 2015 for l plaintiffs in that suit and all other creditors to file claims if they are seeking compensation. Debtor will review those claims and will file objections to those claims as appropriate. The court will allow or disallow the objected claims pursuant the claims procedure set forth in Bankruptcy Rule 3007.

RCKC believes the claims process will obviate the need for any future proceedings in the King County Superior Court or the administrative proceedings opened by the United States

SECOND AMENDED DISCLOSURE STATEMENT - 11

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Department of Labor, Wage and Hourly Division. Even though Debtor disputes the claims set forth in Class Twelve, Debtor will pay the amounts listed on Schedule E, even if no claim is filed. For all wage claims not listed on Schedule E, claimants must file a proof of claim on or before the bar date of July 27, 2015 in order to be paid.

The Debtor shall review all claims with the assistance of special counsel Jeff Fairchild and will file any objections to the allowance of such claims within sixty (60) days after the claims bar date.

Debtor will file motions to reject leases Classes Three, Four, Five, Six, Seven, Eight, Nine and Ten. Said motion to reject leases may include retention of some equipment necessary for Debtor to effectively wind down its business, such as a reduced and limited number of telephone, copiers, postage meters and printers. The monthly expense associated with the retained equipment is estimated to be $1,000 per month. The actual cost of retaining such equipment will be set forth in Debtor's motion to reject leases and retain certain equipment.

## 8. LIQUIDATION ANALYSIS

Debtor will sell its three buildings located at 464 12th Ave, Seattle, WA 98122, 505 Washington Ave So, Kent, WA 98032 and 1701 18th Ave So, Seattle, WA 98144. All sales shall be pursuant to a court order. RCKC expects the gross sale proceeds to be approximately $9,890,600. As a result, RCKC expects that all claims, both secured and unsecured, will be paid in full. RCKC also expects that with a confirmed plan, RCKC will maximize the funds available to pay creditors as a result of being able to take advantage of the real estate excise tax waiver pursuant to 11 U.S.C. § 1146(a).

## 9. MANAGEMENT

SECOND AMENDED DISCLOSURE STATEMENT - 12

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

The Chapter 11 plan was filed by RCKC to provide for an orderly windup of its affairs and an orderly liquidation. While the current board of directors and executive director Carole Hayes shall continue to guide RCKC's affairs during the Chapter 11 proceeding until the plan is completed. All steps in liquidation of Debtor's assets for the benefit of creditors will be pursuant to court approval.

## 10. STATUS OF CASE

This Chapter 11 Plan was filed by Debtor in order to promote the cost efficient liquidation of its assets and pay its creditors.

RESPECTFULLY SUBMITTED this 22nd day of June, 2015.

__/s/ *James Nickerson* _____
James Nickerson, President
Recovery Centers of King County

.

SECOND AMENDED DISCLOSURE STATEMENT - 13

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Case 15-13060-TWD    Doc 89    Filed 06/22/15    Ent. 06/22/15 14:41:47    Pg. 13 of 13