THE HONORABLE TIMOTHY W. DORE
Chapter 11

THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| In re | Case No. 15-13060 |
|---|---|
| RECOVERY CENTERS OF KING COUNTY, | DEBTOR'S THIRD~~SECOND~~ AMENDED PLAN OF REORGANIZATION |
| Debtor-in-Possession. | |

Recovery Centers of King County, the Debtor-in-Possession herein, proposes the following Second Amended Plan of Reorganization, hereinafter referred to as "the Plan":

**1. CLASSIFICATION OF CLAIMS.**

The claims to be dealt with under the Plan are classified as follows:

A.  Class One.  Class One consists of those parties holding administrative costs and expenses as defined by 11 U.S.C. 503(b).  The members must have filed for this status and their claim allowed by the Court.  The known members of this class and the amount of their claims are:

  1.  Wells and Jarvis, P.S. ~~Jeffrey B. Wells (~~ attorneys for Debtor~~)~~, estimated not to exceed $70~~25~~,000, owing at the time of confirmation.

  2.  Allan Friedman, broker.  No fees will be due to Mr. Friedman until closing of each real estate parcel, at which point he will be entitled to a commission payment pursuant to the approved purchase and sale agreement and the initial application for employment.

THIRD~~SECOND~~ AMENDED PLAN OF REORGANIZATION - 1

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Case 15-13060-TWD    Doc 140-1    Filed 07/23/15    Ent. 07/23/15 15:56:01    Pg. 1 of 18

3. Paul Bailey, accountant, estimated not to exceed $7,500, owing at the time of confirmation.

4. Jeffrey Fairchild, special counsel for the state court wage lawsuit, estimated not to exceed $15,000 owing at time of confirmation.

5. Robert Smith, special counsel for the Debtor, who had served as general counsel for the Debtor prior to the Chapter 11 filing.

6. Gloria Nagler and Michael Sperry of Nagler Law Group, P.S. and any other professional hired by the unsecured creditors committee and approved by the court.

7. Fees due the United States Trustee under 28 U.S.C. §1930(a)(6) of the Bankruptcy Code, estimated to be current.

B. Class Two. ~~Class Two consists of Bank of America, a secured creditor of Debtor. The claim is secured by a first lien deed of trust, including an assignment of rents, encumbering Debtor's real estate located at 464 – 12th Ave S, Seattle, WA, 1701 18th Ave S, Seattle, WA and 505 Washington Ave S., Kent, WA. Debtor's schedules indicate that $4,730,883 was owed as of the filing date of May 15, 2015. With regard to the First Deed of Trust loan, the non-default interest rate is 5.519% per annum and payments are approximately $45,381.73 per month and are not current under the promissory note evidencing the First Deed of Trust Loan.~~ Class Two. Class Two consists of Bank of America, N.A., a secured creditor of Debtor. Bank of America, N.A. timely filed a proof of claim, which is on file in the Claims Register for this case as Claim #20 (the "Bank of America Claim"). The Bank of America Claim relates to a real-estate-secured loan made to Debtor (the "Real Estate Loan"). All documents, instruments, and agreements evidencing the Real Estate Loan are referred to herein as the "Real Estate Loan Documents.

THIRD~~SECOND~~ AMENDED PLAN OF REORGANIZATION - 2

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

The Bank of America Claim is secured by a first priority deed of trust, and an assignment of rents, for Debtor's real properties located at: (i) 464 12th Ave. S., Seattle, Washington (the "12th Ave. Property"); (ii) 1701 18th Ave. S., Seattle Washington (the "18th Ave. Property"); and (iii) 505 Washington Ave. S., Kent, Washington (the "Kent Property") (the 12th Ave. Property, 18th Ave. Property, and Kent Property are collectively referred to in this Plan as the "Debtor's Real Property" and are also referred to individually as a "Real Property"). The Bank of America Claim is fully secured, and shall be treated as an allowed secured claim in and for the amounts listed in the Bank of America Claim, including but not limited to post-petition interest, attorney fees and costs, any applicable reconveyance fees, and other amounts recoverable under the Real Estate Loan Documents.

C. Class Three. Class Three consists of CMS's claim arising from ownership of two credit card machines. Nothing is owing and Debtor will surrender said machines to CMS.

D. Class Four. Class Four consists of Pitney Bowes, secured by leases on three postage machines. Nothing is owing and Debtor will surrender said machines to Pitney Bowes.

E. Class Five. Class Five consists of Wells Fargo Financial Leasing's claim of approximately $1,553.00 as of the petition date according to Debtor's schedules. This claim is secured by a lease on three copiers and printers. The lease is a true lease and not a financing mechanism.

F. Class Six. Class Six consists of Pacific Office Automation's claim of approximately $3,165.23 as of the petition date according to Debtor's schedules. This claim is for a lease on copy machines.

THIRDSECOND AMENDED PLAN OF REORGANIZATION - 3

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

G. Class Seven. Class Seven consists of Ecolab's claim of approximately $723.94 as of the petition date according to Debtor's schedules. This claim is for a lease on a dishwasher.

H. Class Eight. Class Eight consists of Cubex Financial Services claim of approximately $958.61 as of the petition date according to Debtor's schedules. This claim is for a lease on a medical dispenser.

I. Class Nine. Class Nine consists of Airgas USA, LLC's claim of approximately $268.06 as of the petition date according to Debtor's schedules. This claim is for a lease of Oxygen equipment.

J. Class Ten. Class Ten consists of NEC Financial Services' claim of approximately $479.29 as of the petition date according to Debtor's schedules. This claim is for a leases on the phones.

K. Class Eleven. Class Eleven consists of Guardian's life insurance, which was owed nothing at the time of filing according to Debtor's schedules. This claim is secured by term life insurance on Debtor's employees.

L. Class Twelve. ~~Class Twelve consists of priority wage claims each up to a maximum of $11,725 by various employees, which is the subject of a King County Superior Court lawsuit. Debtor has listed these debts as contingent, unliquidated and disputed. Debtor has objected to these claims because they are based on an audit conducted by the Department of Labor, which the Debtor does not believe is accurate. Debtor believes all of the claims are also older than the 180 day limit set forth in 11 U.S.C. § 507(a)(4) in order for the claims to be a priority wage claim. Therefore, all wage claims will be treated as a Class Fifteen general unsecured debt for the purpose of voting on the plan and timing of payment. Debtor, despite~~

THIRD~~SECOND~~ AMENDED PLAN OF REORGANIZATION - 4

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

~~its objections to the wage claims, proposes as part of its plan to pay each wage claim as~~ listed ~~on Debtor's schedules~~ in full and without the necessity of each claimant filing a proof of claim.

~~Debtor has been made aware that there may be wage claimants, other than those listed as wage claimants on Debtor's schedules, of unknown identity with unknown amounts, whose claims may or may not have priority status. The allowance of these yet to be determined claims by unknown claimants will be pursuant to a procedure yet to be determined by the bankruptcy court. What impact these unknown claimants have on the amount to be distributed to Class Fifteen, general unsecured debts, is unknown, but potentially such claims could result in general unsecured creditors receiving less than a 100% dividend on allowed claims.~~ Class Twelve consists of priority wage claims each up to a maximum of $11,725 by various employees, which is the subject of a King County Superior Court lawsuit. Debtor has listed these debts as contingent, unliquidated and disputed. ~~Debtor has objected to these claims because they are based on an audit conducted by the Department of Labor, which the Debtor does not believe is accurate. Debtor believes all of the claims are also older than the 180 day limit set forth in 11 U.S.C. § 507(a)(4) in order for the claims to be a priority wage claim. Therefore, all wage claims will be treated as a Class Fifteen general unsecured debt for the purpose of voting on the plan and timing of payment.~~

~~Debtor has been made aware that there may be wage claimants, other than those listed as wage claimants on Debtor's schedules, of unknown identity with unknown amounts, whose claims may or may not have priority status.~~ The allowance of wage ~~these yet to be determined~~ claims ~~by unknown claimants~~ will be pursuant to a procedure to be determined by the bankruptcy court after notice and hearing.

THIRD~~SECOND~~ AMENDED PLAN OF REORGANIZATION - 5

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

M. Class Thirteen. Class Thirteen consists of King County Treasurer, who is owed 2015 real estate taxes on Debtor's real estate. Said taxes are nominal because Debtor is a non-profit agency entitled to reduced tax assessments. The taxes for 2015 for each of the parcels are as follows.

| 464 12th Ave, Seattle, WA Tax Acct # 0508 | 1st half $372.07<br>2nd half $372.07 |
|---|---|
| 505 Washington Ave, Kent, WA Tax Acct #4706 | 1st half $741.90<br>2nd half $741.89 |
| 1701 18th Ave S, Seattle, WA Tax Acct #4500 | 1st half $1,275.41<br>2nd half $1,275.41 |

N. Class Fourteen. Class Fourteen consists of the City of Seattle, Washington State Employment Security, and Washington State Department of Revenue. City of Seattle is owed a total of approximately $2,000 in priority tax according to Debtor's schedules. Washington State Employment Security is owed a total of approximately $41,080.17 in priority tax debt. Washington State Department of Revenue is owed a total of approximately $1,750 in priority tax debt per its proof of claim.

O. Class Fifteen. Class Fifteen consists of Debtor's general unsecured debt on its Schedule F of $206,136.

## 2. CLASSES NOT IMPAIRED BY THE PLAN

~~Class One is unimpaired by the plan and will be paid from the funds~~ on hand and from funds generated by the sale of Debtor's real estate. Class One is unimpaired by the Plan and

THIRD~~SECOND~~ AMENDED PLAN OF REORGANIZATION - 6

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

will be paid from the funds on hand and from funds generated by the sale of Debtor's Real Property after payment of (a) any associated costs of sale, (b) senior real property tax obligations due, if any, and (c) allowed claims secured by Debtor's Real Property, and from any court-approved carve out from secured creditor's net proceeds from the sale of ~~on~~ Debtor's real estate. ~~In the event there are insufficient funds to pay Class One claimants in full at the time of Court approval, payment of Class One claimants shall be *pro rata* after each entity has had an opportunity to file an application for Court approval of their fees. If there are pending applications for Court approval when an Administrative Claim is allowed by Court Order, the *pro rata* distribution shall be calculated as though pending applications have been granted. In any case,N~~ ~~n~~o payment shall be made to Class One claimants without prior Court approval.

### 3. TREATMENT OF NON-IMPAIRED CLAIMS

All current fees due the United States Trustee under 28 U.S.C. §1930(a)(6) of the Bankruptcy Code shall be paid on or before the effective date from retained income. All other claims for costs and expenses of administration allowable under 11 U.S.C. §507(a)(1) shall be paid upon the approval of such claims by the Court from sale proceeds.

### 4. TREATMENT OF IMPAIRED CLAIMS

~~Debtor will sell its real estate located at 464 – 12th Ave S, Seattle, WA, 1701 18th Ave S, Seattle, WA and 505 Washington Ave S., Kent, WA. Each sale shall receive court approval. Sales by Debtor shall be within one year of the effective date of the Plan. If any of Debtor's real estate is not under a pending contract and scheduled to close within 90 days at the one year anniversary, then there shall be a status conference with the court, at which such time~~

THIRD~~SECOND~~ AMENDED PLAN OF REORGANIZATION - 7

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

~~secured and unsecured creditors may move the court for necessary and appropriate relief to effect a liquidation of remaining real property if any. The unsecured creditors committee and secured creditor Bank of America suggest that a six month marketing period should be sufficient to sell the properties. The Debtor disagrees because the real estate is commercial property, for which there will be, more likely than not, feasibility studies to be concluded before any closing.~~

~~The majority of Debtor's personal property is of nominal value. Debtor will by separate motion seek court approval for sale and/or disposal of personal property. Debtor does not believe personal property will generate more than nominal amounts.~~

~~Class Two secured creditor, Bank of America shall receive the Debtor's net sale proceeds from the sale of each parcel of real estate, less those sums reserved for payment of Class One creditors. The amount reserved for Class One creditors shall be the subject of a separate cash collateral order either by agreement between Bank of America and the Debtor or by order of the court after notice and a hearing for Debtor's use of cash collateral. Presently, Debtor anticipates requesting use of $200,000 from the proceeds of the first property to be sold for payment of Class One creditors including ongoing winding up expenses by the Debtor. No default interest or late fees shall be payable to Bank of America, however, reasonable attorney fees and costs shall be included in the payoff to Bank of America. There may also be a prepayment penalty due Bank of America for early payoff of their loan.~~

<u>Debtor will sell Debtor's Real and Personal Property. Each sale shall receive court approval. In connection with any sale of Debtor's Real Property, the holder of an allowed claim secured by the Debtor's Real Property shall be able to credit bid some or all of that</u>

<u>THIRD</u>~~SECOND~~ AMENDED PLAN OF REORGANIZATION - 8

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

holder's secured claim as an overbid to whatever offer the Debtor is seeking court approval for.

Sales of the 12th Ave. Property and the 18th Ave. Property shall be within six months of the effective date of the Plan; the sale of the Kent Property shall be within 12 months of the Plan. If each Real Property is not under a pending sales contract with a sale closing scheduled for not later than the respective six-month and twelve-month deadlines provided for in this section 4 of the Plan, Bank of America and the Unsecured Creditors Committee shall be entitled to file a motion for relief from stay enforce their respective rights under this Plan, other applicable law, and the Real Estate Loan Documents.

Class Two secured creditor, Bank of America shall receive, from the sale of each Real Property, the net proceeds of the sale after (a) any associated costs of sale, and (b) senior real property tax obligations due, if any. Until such time as the Bank of America Claim is fully satisfied: (i) all terms, conditions, representations, warranties, covenants, rights, interests, and remedies in the Real Estate Loan Documents shall continue to be fully effective and enforceable, except to the extent inconsistent with the treatment in this Plan provided for the Bank of America Claim; (ii) Bank of America shall retain the lien(s) securing the Bank of America Claim to the extent of the amount of the Bank of America Claim; and (iii) any sale of the Debtor's Real Property free and clear of Bank of America's lien shall result in Bank of America's lien attaching to the proceeds of such sale, with such lien on sale proceeds being subject to the other terms of this Plan and the provisions of the Bankruptcy Code. Nothing herein shall prohibit Debtor from applying to the court for a carve out of monies from Bank of America's net proceeds pursuant to 11 U.S.C. § 506(c) and any other applicable code section or other basis for Debtor's use of Bank of America's cash collateral.

THIRDSECOND AMENDED PLAN OF REORGANIZATION - 9

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Proceeds from the sale of Debtor's Personal Property shall be administered pursuant to the terms of the confirmed plan.

Class Three creditor, CMS shall receive their credit card machines back no later than upon confirmation, unless specifically retained pursuant to a separate court order. Any claims for money owed shall be treated as a Class Fifteen claim.

Class Four creditor, Pitney Bowes shall receive their postage machines back no later than upon confirmation, unless specifically retained pursuant to a separate court order. Any claims for money owed shall be treated as a Class Fifteen claim.

Class Five creditor, Wells Fargo Financial Leasing, shall receive their three copiers and printers back no later than upon confirmation, unless specifically retained pursuant to a separate court order. Any claims for money owed shall be treated as a Class Fifteen claim.

Classes Six through Ten creditors shall receive their equipment back no later than upon confirmation, unless specifically retained pursuant to a separate court order. Any claims for money owed shall be treated as a Class Fifteen claim.

Class Eleven creditor Guardian shall receive upon confirmation and thereafter any funds due it on the employee group term life insurance until the last employment comes to an end.

Classes Thirteen, Fourteen and Fifteen shall be paid from the real estate sale proceeds. Class Thirteen shall be paid the real estate tax then owing on each parcel as they are sold directly from escrow. Only after Class Fourteen is paid in full will sale proceeds be distributed to Classes Twelve and Fifteen. Partial payments to Classes Twelve and Fifteen shall be on a pro rata basis.

THIRDSECOND AMENDED PLAN OF REORGANIZATION - 10

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Case 15-13060-TWD    Doc 140-1    Filed 07/23/15    Ent. 07/23/15 15:56:01    Pg. 10 of 18

~~Other than the potential diminution of dividend to Classes Twelve and Fifteen claimholders by the allowance of wage claims from former employees, Debtor anticipates that Classes Twelve and Fifteen will be paid in full and in such event such claims shall receive interest at the federal rate of .27% from the filing date of May 15, 2015.~~

~~If any of the new wage claimants of unknown amounts are determined to hold priority claims, then such priority claims shall be paid in full prior to any distribution to Class Fifteen general unsecured creditors. In the event that Class Twelve is not paid in full, claimants shall receive a pro rata distribution. In the event Class Fifteen is not paid in full, claimants shall receive a pro rata distribution.~~ Classes Thirteen, Fourteen and Fifteen shall be paid from the Real and Personal Property sale proceeds. Class Thirteen shall be paid the real estate tax then owing on each parcel as they are sold directly from escrow. Only after Class Twelve~~Fourteen~~ is paid in full will sale proceeds be distributed to Classes Fourteen~~Twelve~~. Only after Class Fourteen~~Twelve~~ is paid in full will sale proceeds be distributed to Class Fifteen. Partial payments to Classes Twelve, Fourteen and Fifteen shall be on a pro rata basis, respectively.

If all claims are to be paid in full, Classes Twelve and Fifteen shall receive interest at the federal rate of .27% from the filing date of May 15, 2015.

### 5. TREATMENT OF INTEREST

The Debtor-in-Possession will retain all property at confirmation and will continue to wind up its affairs including court approved disposition of medical records. Upon full payment of all claims, Classes One through Fifteen and final sale of its real estate assets, Debtor shall apply to the court for an order approving of the disbursement of the remaining funds to an

THIRD~~SECOND~~ AMENDED PLAN OF REORGANIZATION - 11

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

entity which is committed to pursuing the same goals and providing the same service as the Debtor when it was operating.

### 6. MEANS OF IMPLEMENTING THE PLAN

~~The Debtor will market all three of its real estate properties. All sales shall receive court approval even after confirmation of Debtor's plan. Debtor will seek a carve out of Bank of America's sale proceeds to pay for Class One creditors and to provide funds for the winding up of Debtor's business, especially the storage and disposition of medical records. Debtor is obligated under WAC 388-877-0630 to maintain the medical records for six years and billing information for ten years.~~

~~After full payment to Bank of America from the sale proceeds, funds shall be distributed to creditors in the priority set forth in Debtor's plan as soon as they are available for distribution. Debtor expects that all three properties will be sold within one year, but in no event shall the properties be sold later than two years from plan confirmation.~~

~~Failure to sell the properties no later than two years from plan confirmation shall constitute a plan default, which shall result in the appointment of a trustee to complete the marketing of any unsold property, unless the court after notice and a hearing prior to the two-year deadline excuses the deadline upon a showing of good cause why a trustee should not be appointed.~~ Debtor will sell Debtor's Real and Personal Property. ~~Each sale~~All sales shall receive court approval even after confirmation of Debtor's Plan. After full payment to Bank of America from the proceeds of the sale of Debtor's Real Property, as provided for in this Plan, all remaining funds shall be distributed to holders of allowed claims in the priority set forth in Debtor's Plan as soon as they are available for distribution. Proceeds from the sale of Debtor's Personal Property shall be administered consistent with the terms of the Plan. Notwithstanding

**Formatted:** Line spacing: Double

THIRD~~SECOND~~ AMENDED PLAN OF REORGANIZATION - 12

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

11 U.S.C. §1141(b), Property of the Estate shall not re-vest in the Debtor upon confirmation, and all property shall remain Property of the Estate until disposed of pursuant to Court order.

### 7. ASSUMPTION OF EXECUTORY CONTRACTS AND LEASES

Except as may be otherwise agreed between the parties, Debtor rejects its leases with CMS, Pitney Bowes and Wells Fargo Leasing, Pacific Office Automation, Ecolab, Cubex Financial Services, Airgas USA, LLC, and NEC Financial Services.

### 8. HANDLING OF CLAIMS

~~The Debtor-in-Possession shall review all claims filed and all objections to the allowance of such claims shall be filed within sixty (60) days after the effective date of the Plan. The court will be asked to set a bar date by which time all claims must be filed in order to be allowed.~~ The Debtor-in-Possession shall review all claims filed and all objections to the allowance of such claims shall be filed within sixty (60) days after the final date set for any Proof of Claim to be filed.

### 9. TERMINATION OF THE PLAN

The Plan shall terminate and otherwise cease to be of any force or effect upon satisfaction of all terms hereof.

### 10. MODIFICATION OF PLAN

The Plan proponent may propose amendments or modifications to the Plan at any time

THIRD~~SECOND~~ AMENDED PLAN OF REORGANIZATION - 13

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

prior to confirmation. After confirmation the Debtor may, with leave of court, and so long as it does not materially or adversely affect the interest of creditors or other parties in interest, remedy any defect or omission, or reconcile any inconsistency in the Plan or in the order under 11 U.S.C. § 1129 confirming the Plan, in such manner as may be necessary to carry out the purposes, intent and effect of the Plan.

### 11. RETENTION OF JURISDICTION

~~The Court shall retain jurisdiction of this Chapter 11 case pursuant to the provisions of the Bankruptcy Code, until the proceedings are closed, and, specifically shall retain jurisdiction to hear or determine the following matters:~~

~~A. To enable the Debtor to consummate any and all proceedings which may be brought prior to or subsequent to the Order of Confirmation, to avoid or set aside liens or encumbrances, to object to claims or to the allowance thereof, to recover any preferences, transfers, assets (including accounts) or damages as entitled under the applicable provisions of the Bankruptcy Code or other federal, state or local law and to continue all related contested matters or adversary proceedings pending on the confirmation date or filed in the court thereafter.~~

~~B. To classify, allow or disallow claims and direct distribution of funds under the Plan and to adjudicate all controversies concerning the classification, treatment or allowance of any claims.~~

~~C. To enforce performance of the Plan.~~

~~D. To hear and determine all claims arising from the rejection of executory contracts, including leases, and to consummate the rejection and termination thereof.~~

~~E. To liquidate damages in connection with any disputed, contingent or unliquidated claims.~~

THIRD~~SECOND~~ AMENDED PLAN OF REORGANIZATION - 14

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

~~F.   To recover all assets and properties of the estate wherever located~~

~~G.   To hear and determine matters concerning state, local and federal taxes.~~

~~H.   To hear and determine such other matters and make such orders as are necessary and appropriate to carry out the provisions of the Plan~~ The Court shall retain jurisdiction of this Chapter 11 case pursuant to the provisions of the Bankruptcy Code, until the proceedings are closed, and, specifically shall retain jurisdiction to hear or determine the following matters:

A.   To enable the Debtor to consummate any and all proceedings which may be brought prior to or subsequent to the Order of Confirmation, to avoid or set aside liens or encumbrances, to object to claims or to the allowance thereof, to recover any preferences, transfers, assets (including accounts) or damages as entitled under the applicable provisions of the Bankruptcy Code or other federal, state or local law and to continue all related contested matters or adversary proceedings pending on the confirmation date or filed in the court thereafter.

B.   To classify, allow or disallow claims and direct distribution of funds under the Plan and to adjudicate all controversies concerning the classification, treatment or allowance of any claims.

C.   To enforce performance of the Plan.

D.   To hear and determine all claims arising from the rejection of executory contracts, including leases, and to consummate the rejection and termination thereof.

E.   To liquidate damages in connection with any disputed, contingent or unliquidated claims.

F.   To recover all assets and properties of the estate wherever located

G.   To hear and determine matters concerning state, local and federal taxes.

THIRD~~SECOND~~ AMENDED PLAN OF REORGANIZATION - 15

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

H. To hear and determine such other matters and make such orders as are necessary and appropriate to carry out the provisions of the Plan.

I. To hear and determine requests for the appointment of a Trustee or Examiner after confirmation of the Plan, or to convert the case to a proceeding under Chapter 7 of the Bankruptcy Code.

J. To hear and Determine motions to sell real property and ancillary matters raised in such motions.

K. To hear and determine motions seeking joinder of objections to claims.

L. To hear and determine any and all matters relating to discovery.

M. To hear and determine any matter relating to the outstanding account receivables of the Debtor.

### 12. EVENTS OF DEFAULT

~~In the event the Debtor defaults under the provision of the Plan as confirmed any creditor desiring to assert such a default shall provide all parties requiring notice pursuant to Section 13 of the Plan with written notice of the alleged default. The Debtor shall have thirty (30) days from receipt of the written notice in which to cure the default. Such notice shall be delivered by United States mail to the parties at the addresses set forth in Section 13. If a default is not cured, any creditor may thereafter pursue such recourse as may be legally available. For creditors holding deeds of trust secured on Debtor's real property, the terms of the note and deed, including but not limited to the default provisions and payment terms, remain in full force and effect. Upon default of the loan terms, such creditors may issue the Notice of Default pursuant to RCW 61.24 et. seq. If the default is not cured, such creditors may~~

THIRD~~SECOND~~ AMENDED PLAN OF REORGANIZATION - 16

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

~~proceed with foreclosure as provided in RCW 61.24 et. seq or other controlling Washington state law.~~ Except as provided for in this Plan with respect to Class Two, in the event the Debtor defaults under the provisions of this Plan as confirmed: (i) any creditor desiring to asset such a default shall provide all parties requiring notice pursuant to Section 13 of the Plan with written notice of the alleged default; (ii) the Debtor shall have thirty (30) days from receipt of the written notice in which to cure the default; (iii) such notice shall be delivered by United States mail to the parties at the addresses set forth in Section 13; and (iv) if a default in not cured, the creditor may thereafter pursue such recourse as may be legally available.

### 13. NOTICES

Any notice required to be transmitted hereunder shall be sufficient and proper if sent by United States first class mail to the party or parties set forth below:

> To Debtor:          Recovery Centers of King County
> c/o Carole Hayes
> 464 12th Avenue
> Seattle, WA 98122

> And to Debtor's Counsel    Wells and Jarvis, P.S.
> 500 Union Street, Ste 502
> Seattle, WA 98101

And to any party requesting notice pursuant to Bankruptcy Rule 2002(g).

### 14. DISCHARGE

On the confirmation date of this Plan, Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in 11 U.S.C. § 1141(d)(1)(A), except that the Debtor will not be discharged of any debt; (i) imposed by this Plan, (ii) of a kind specified in 11 U.S.C. § 1141(d)(6)(A) if

THIRD~~SECOND~~ AMENDED PLAN OF REORGANIZATION - 17

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

a timely complaint was filed in accordance with Rule 4007 (c) of the Federal Rules of Bankruptcy Procedure; (iii) of a kind specified in 11 U.S.C. § 1141(d)(1)(B).

### 15. MISCELLANEOUS PROVISIONS

The disbursing agent for all payments made under the Plan shall be the Debtor.

RESPECTFULLY SUBMITTED this ~~-~~ 22nd day of ~~June~~, 2015.

/s/ ~~*James Nickerson*~~
James Nickerson, President
Recovery Centers of King County

THIRD~~SECOND~~ AMENDED PLAN OF REORGANIZATION - 18

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086